AF:af

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO: 95-605-CR-NESBITT(s) |

)
)
)
)                                    18 USC 924(c)
v.                                )  18 USC 922(g)(1)
)                                    21 USC 841(a)(1)
)                                    21 USC 846
)                                    21 USC 848
**FRANCISCO SALDANA,**              )  18 USC 2
  a/k/a "Frank Rivera"             )
  a/k/a "Frank"                    )
  a/k/a "Warren G,"                )
**JOSE MANUEL SALDANA,**            )
  a/k/a "Jose Soto"                )
  a/k/a "Popeye"                   )
  a/k/a "Pye"                      )
  a/k/a "John Gotti"               )
  a/k/a "Emanuel Santa,"           )
**ANDRE SCALES,**                   )
  a/k/a "Andre Simms"              )
  a/k/a "Anthony Johnson"          )
  a/k/a "Dre"                      )
  a/k/a "Lo Coito,"                )
**JESUS MOREJON,**                  )
  a/k/a "J,"                       )  **SUPERSEDING INDICTMENT**
**SYLVESTER JORDAN,**               )
  a/k/a "Sylvester Brown"          )
  a/k/a "James Charles"            )
  a/k/a "Scurvy"                   )
  a/k/a "Hubba,"                   )
**QUAMIL DREMMON HAYWOOD,**         )
  a/k/a "Ted Johnson"              )
  a/k/a "Cory Haywood,"            )
**FREDERICK KNIGHT,**               )
  a/k/a "Fred Knighton"            )
  a/k/a "Tony Jackson"             )
  a/k/a "Snoop,"                   )
**DAVID VELEZ,**                    )
  a/k/a "Alex Rosa"                )
  a/k/a "Robert Rodriguez,"        )
            and                    )
**STEVEN J. HARRIS,**               )
  a/k/a "Billy Harris"             )
  a/k/a "Edwich Pierre"            )
  a/k/a "Steven Goodman"           )
  a/k/a "Joe Brown"                )
  a/k/a "Shine Henderson"          )
                                   )

FILED by __ DC
CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA.-MIAMI
96 FEB 12 PM 5: 15

The Grand Jury Charges that:

## COUNT ONE

From a date unknown to the Grand Jury, but at least from May 1, 1988, and continuing through the date of the return of this Superseding Indictment, at Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**FRANCISCO SALDANA,**
a/k/a "Frank Rivera"
a/k/a "Frank"
a/k/a "Warren G,"
**JOSE MANUEL SALDANA,**
a/k/a "Jose Soto"
a/k/a "Popeye"
a/k/a "Pye"
a/k/a "John Gotti"
a/k/a "Emanuel Santa,"
**ANDRE SCALES,**
a/k/a "Andre Simms"
a/k/a "Anthony Johnson"
a/k/a "Dre"
a/k/a "Lo Coito,"
**JESUS MOREJON,**
a/k/a "J,"
**SYLVESTER JORDAN,**
a/k/a "Sylvester Brown"
a/k/a "James Charles"
a/k/a "Scurvy"
a/k/a "Hubba,"
**QUAMIL DREMMON HAYWOOD,**
a/k/a "Ted Johnson"
a/k/a "Cory Haywood,"
**FREDERICK KNIGHT,**
a/k/a "Fred Knighton"
a/k/a "Tony Jackson"
a/k/a "Snoop,"
**DAVID VELEZ,**
a/k/a "Alex Rosa"
a/k/a "Robert Rodriguez,"
and
**STEVEN J. HARRIS,**
a/k/a "Billy Harris"
a/k/a "Edwich Pierre"
a/k/a "Steve Goodman"
a/k/a "Joe Brown"

2

a/k/a "Shine Henderson,"

did knowingly and intentionally combine, conspire, confederate and agree with each other and with persons known and unknown to the Grand Jury to distribute, and to possess with intent to distribute, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## THE MANNER AND MEANS OF THE CONSPIRACY

The manner and means used by the conspirators to accomplish the purpose and object of the conspiracy included the following:

1. The conspirators were members of an organization operating in Dade County, in the Southern District of Florida, which profited by distributing cocaine hydrochloride (powder) and cocaine base (crack).

2. The leaders of the **Saldana** organization were **FRANCISCO SALDANA**, a/k/a "Frank," and his two brothers, **JOSE MANUEL SALDANA**, a/k/a "Popeye," and **Henry Santiago Saldana**, a/k/a "Pork." **FRANCISCO SALDANA** bought cocaine powder from suppliers in the Miami area and he and his co-conspirators processed the cocaine powder into crack and crack cookies by "cooking it up."

3. Each member of the **Saldana** organization carried out specific tasks. Several members operated as "Underbosses" for **FRANCISCO SALDANA.** The acting Underboss would act as money collector, chief cocaine processor and head narcotics broker in

3

**FRANCISCO SALDANA's** absence. "Enforcers" were enlisted to act as bodyguards and to intimidate customers who owed money to the organization and to act as security for the **Saldanas.** "Bombmen" were used to control the supply of cocaine and to re-supply or "re-up" the street sellers with cocaine for distribution as needed. "Delivery boys" were enlisted for the purpose of delivering cocaine to gang members for street sales and also for the purpose of delivering cocaine to customers at pre-arranged locations.

4.   The organization would utilize several different methods of cocaine distribution.   Primarily, the organization distributed cocaine from a single family residence located at 22 N.E. 43rd Street, Miami, Florida. One of the rooms at this "crack house" was utilized by organization members exclusively as a manufacturing site, where cocaine powder was processed into crack cocaine for distribution. Organization members worked eight to twelve-hour shifts at the crack house. During each shift, a designated worker often was locked into the distribution room of the crack house at the direction of the Acting Boss, to avoid the possibility of cocaine and/or money being stolen by either the customer or the worker. Customers would approach a barred window of the crack house from which organization members would sell cocaine powder and crack cocaine.

5.   Organization members were supplied with loaded firearms for protection from a money and/or drug robbery. Organization members known as "Bombmen" would stop by the distribution room to collect money and to re-supply or "re-up" cocaine as needed.   At

4

the end of the eight to twelve hour shift, the organization employee would be relieved by the Acting Boss and replaced by another organization member.

6.    Street sales would occur at different pre-arranged distribution points located in Miami, Florida.  Customers would call the telephone number in the distribution room and order amounts of crack cocaine. Organization members would then travel to pre-arranged locations to complete the cocaine sale.  Organization members would also operate from different street locations distributing crack cocaine.

7.    When speaking on the telephone and when dealing with customers in person, conspirators often would use coded language to indicate drug types, quantities and prices, in an attempt to avoid law enforcement detection.

8.    All proceeds of the crack cocaine distributions would be returned to the Acting Boss. The money was then either used to continue the narcotics organization, to pay the "salaries" of the organization members or to support the lifestyle of the organization leaders.

9.    The **Saldana** organization would use family and worker loyalty, intimidation and violence to assert their authority in the drug business, to maintain the security of their cocaine distribution territory and to maintain the security of their drug operation.

5

## ROLES OF THE CONSPIRATORS

The defendants shared responsibilities within the organization, but generally performed the following roles within the conspiracy:

10. **FRANCISCO SALDANA** was the leader of the organization.

11. **Henry Santiago Saldana** and **JOSE MANUEL SALDANA** acted as Underbosses for **FRANCISCO SALDANA**, filling in for their brother, **FRANCISCO SALDANA**, with regard to all facets of the organization. Their responsibilities included money collection, accounting, crack cocaine manufacturing and distribution. The acting Underboss also acted as a broker for larger cocaine purchases on behalf of the organization.

12. **SYLVESTER JORDAN** and **STEVEN J. HARRIS** acted as Enforcers for the gang. Their responsibilities included cooking cocaine powder into crack cocaine, distributing cocaine to gang employees and to customers, providing protection for the Acting Boss and collecting debts from delinquent customers.

13. **FREDERICK KNIGHT, ANDRE SCALES, QUAMIL DREMMON HAYWOOD** and **Rufus Tolbert** worked as Bombmen for the organization, holding the bulk of the cocaine supply for the other gang members and re-supplying organization members when they need additional amounts of cocaine to sell.

14. **Donald Canton, DAVID VELEZ** and **JESUS MOREJON** were sales and delivery employees whose main function was to assist in distribution and delivery as needed. **QUAMIL DREMMON HAYWOOD, FREDERICK KNIGHT, ANDRE SCALES** and **Rufus Tolbert** also acted as

6

sales and delivery employees when instructed to do so by the Boss or by the Acting Underboss.

All in violation of Title 21, United States Code, Section 846.

### COUNT TWO

On or about August 13, 1990, at Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**FRANCISCO SALDANA,**
a/k/a "Frank Rivera"
a/k/a "Frank"
a/k/a "Warren G,"

did knowingly use and carry a firearm, that is, a Cobray Mac-11 9 mm semi-automatic pistol, during and in relation to a drug trafficking crime which is a felony prosecutable in a court of the United States, that is, a violation of Title 21, United States Code, Section 846, as set forth in Count One of this Superseding Indictment; all in violation of Title 18, United States Code, Section 924(c).

### COUNT THREE

On or about August 13, 1990, at Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**JOSE MANUEL SALDANA,**
a/k/a "Jose Soto"
a/k/a "Popeye"
a/k/a "Pye"
a/k/a "John Gotti"
a/k/a "Emanuel Santa,"

did knowingly use and carry a firearm, that is, a Cobray Mac-11 9 mm semi-automatic pistol, during and in relation to a drug trafficking crime which is a felony prosecutable in a court of the United States, that is, a violation of Title 21, United States

7

Code, Section 846, as set forth in Count One of this Superseding Indictment; all in violation of Title 18, United States Code, Section 924(c).

### COUNT FOUR

On or about October 18, 1990, at Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**FRANCISCO SALDANA,**
a/k/a "Frank Rivera"
a/k/a "Frank"
a/k/a "Warren G,"
**JOSE MANUEL SALDANA,**
a/k/a "Jose Soto"
a/k/a "Popeye"
a/k/a "Pye"
a/k/a "John Gotti"
a/k/a "Emanuel Santa,"
and
**SYLVESTER JORDAN,**
a/k/a "Sylvester Brown"
a/k/a "James Charles"
a/k/a "Scurvy"
a/k/a "Hubba,"

and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

### COUNT FIVE

On or about October 18, 1990, at Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**FRANCISCO SALDANA,**
a/k/a "Frank Rivera"
a/k/a "Frank"
a/k/a "Warren G,"

8

having been previously convicted on or about April 18, 1990, in the Circuit Court of the State of Florida, Dade County, Eleventh Judicial Circuit, of a crime punishable by imprisonment exceeding one year, that is, Grand Theft in the Second Degree, did knowingly possess the following firearms in and affecting commerce, to wit: one Cobray Model M-11 9 mm semi-automatic pistol, serial number 89-001B318; one Cobray Model M-11 9 mm semi-automatic pistol, serial number 89-0018316; one High Standard .22 Caliber Derringer, serial number D47348; one Charter Arms .44 Caliber Special revolver, serial number 434785; one Ruger .357 caliber revolver, serial number 154-83104; one Heckler & Koch MP-5 9 mm semi-automatic rifle, serial number 9338; one Colt Model MK-4 .380 Caliber semi-automatic pistol, serial number MU18840; one Norinco AK-47 7.62 x 39 caliber semi-automatic rifle, serial number 56S-610071; in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT SIX

On or about October 18, 1990, at Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**SYLVESTER JORDAN,**
a/k/a "Sylvester Brown"
a/k/a "James Charles"
a/k/a "Scurvy"
a/k/a "Hubba,"

having been previously convicted on or about January 29, 1990, in the Circuit Court of the State of Florida, Dade County, Eleventh Judicial Circuit of a crime punishable by imprisonment exceeding one year, that is, Possession of Cocaine, did knowingly possess the following firearms in and affecting commerce, to wit: one Cobray

9

Model M-11 9 mm semi-automatic pistol, serial number 89-001B318; one Cobray Model M-119 mm semi-automatic pistol, serial number 89-0018316; one High Standard .22 Caliber Derringer, serial number D47348; one Charter Arms .44 Caliber Special revolver, serial number 434785; one Ruger .357 caliber revolver, serial number 154-83104; one Heckler & Koch MP-5 9 mm semi-automatic rifle, serial number 9338; one Colt Model MK-4 .380 Caliber semi-automatic pistol, serial number MU18840; one Norinco AK-47 7.62 x 39 caliber semi-automatic rifle, serial number 56S-610071; in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT SEVEN

On or about October 18, 1990, at Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**JOSE MANUEL SALDANA,**
a/k/a "Jose Soto"
a/k/a "Popeye"
a/k/a "Pye"
a/k/a "John Gotti"
a/k/a "Emanuel Santa,"
**FRANCISCO SALDANA,**
a/k/a "Frank Rivera"
a/k/a "Frank"
a/k/a "Warren G,"
and
**SYLVESTER JORDAN,**
a/k/a "Sylvester Brown"
a/k/a "James Charles"
a/k/a "Scurvy"
a/k/a Hubba,"

and others known to the Grand Jury did knowingly use and carry the following firearms, to wit: one Cobray Model M-11 9 mm semi-automatic pistol, serial number 89-001B318; one Cobray M-11 9 mm semi-automatic pistol, serial number 89-0018316; one High Standard

10

.22 Caliber Derringer, serial number D47348; one Charter Arms .44 Caliber Special revolver, serial number 434785; one Ruger .357 caliber revolver, serial number 154-83104; one Heckler & Koch MP-5 9 mm semi-automatic rifle, serial number 9338; One Colt Model MK-4 .380 Caliber semi-automatic pistol, serial number MU18840; one Norinco AK-47 7.62 x 39 caliber semi-automatic rifle, serial number 56S-610071, during and in relation to a drug trafficking crime which is a felony prosecutable in a court of the United States, that is, a violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2, as set forth in Count One of this Superseding Indictment; all in violation of Title 18, United States Code, Sections 924(c) and 2.

### COUNT EIGHT

On or about December 5, 1990, at Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**JOSE MANUEL SALDANA,**
a/k/a "Jose Soto"
a/k/a "Popeye"
a/k/a "Pye"
a/k/a "John Gotti"
a/k/a "Emanuel Santa,"

did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

11

## COUNT NINE

On or about December 5, 1990, at Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**JOSE MANUEL SALDANA,**
a/k/a "Jose Soto"
a/k/a "Popeye"
a/k/a "Pye"
a/k/a "John Gotti"
a/k/a "Emanuel Santa,"

did knowingly use and carry firearms, to wit: one Browning 9 mm semi-automatic pistol, one Colt .38 caliber revolver and one Mossberg .12 gauge shotgun during and in relation to a drug trafficking crime which is a felony prosecutable in a court of the United States, that is, a violation of Title 21, United States Code, Section 846 and 841(a)(1), and Title 18, United States Code, Section 2, as set forth in Count One of this Superseding Indictment; all in violation of Title 18, United States Code, Section 924(c).

## COUNT TEN

On or about April 30, 1993, at Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**JESUS MOREJON,**
a/k/a "J,"

did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

12

## COUNT ELEVEN

On or about July 29, 1993, at Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**FREDERICK KNIGHT,**
a/k/a "Fred Knighton"
a/k/a "Tony Jackson"
a/k/a "Snoop,"
and
**JESUS MOREJON,**
a/k/a "J,"

did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT TWELVE

On or about November 23, 1993, at Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**FRANCISCO SALDANA,**
a/k/a "Frank Rivera"
a/k/a "Frank"
a/k/a "Warren G,"
**ANDRE SCALES,**
a/k/a "Andre Simms"
a/k/a "Anthony Johnson"
a/k/a "Dre"
a/k/a "Lo Coito,"

did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

13

## COUNT THIRTEEN

On or about November 30, 1993, at Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**FRANCISCO SALDANA,**
a/k/a "Frank Rivera"
a/k/a "Frank"
a/k/a "Warren G,"

and others known to the Grand Jury did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT FOURTEEN

On or about December 3, 1993, at Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**ANDRE SCALES,**
a/k/a "Andre Simms"
a/k/a "Anthony Johnson"
a/k/a "Dre"
a/k/a "Lo Coito,"

and others known to the Grand Jury did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT FIFTEEN

On or about April 22, 1994, at Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendants,

14

**FRANCISCO SALDANA,**
a/k/a "Frank. Rivera"
a/k/a "Frank"
a/k/a "Warren G,"
and
**DAVID VELEZ,**
a/k/a "Alex Rosa"
a/k/a "Robert Rodriguez,"

did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT SIXTEEN

On or about June 17, 1994, at Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**QUAMIL DREMMON HAYWOOD,**
a/k/a "Ted Johnson"
a/k/a "Tony Jackson,"

did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT SEVENTEEN

On or about July 25, 1994, at Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**FRANCISCO SALDANA,**
a/k/a "Frank Rivera"
a/k/a "Frank"
a/k/a "Warren G,"

15

did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

### COUNT EIGHTEEN

On or about July 29, 1995, at Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**FRANCISCO SALDANA,**
a/k/a "Frank Rivera"
a/k/a "Frank"
a/k/a "Warren G,"

did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, that is, mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

### COUNT NINETEEN

On or about July 29, 1995, at Miami, Dade County, in the Southern District of Florida, the defendant,

**FRANCISCO SALDANA,**
a/k/a "Frank Rivera"
a/k/a "Frank"
a/k/a "Warren G,"

and others known and unknown the Grand Jury did knowingly use and carry the following firearms, to wit: one  Heckler & Koch semi-automatic pistol, serial number 33241; one Bereta semi-automatic pistol, serial number B57071Z; one Norinco AK Sporter rifle, serial number 4323; one Winchester Model 1300 Ranger .20 gauge shotgun,

16

serial number L 2245247, during and in relation to a drug trafficking crime which is a felony prosecutable in a court of the United States, that is, a violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2, as set forth in Count Eighteen of this Superseding Indictment; all in violation of Title 18, United States Code, Section 924(c).

## COUNT TWENTY

On or about July 29, 1995, at Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**FRANCISCO SALDANA,**
a/k/a "Frank Rivera"
a/k/a "Frank"
a/k/a "Warren G,"

having been previously convicted on or about September 4, 1990, in the Circuit Court of the State of Florida, Dade County, Eleventh Judicial Circuit, of a crime punishable by imprisonment exceeding one year, that is, Possession of Cocaine, did knowingly possess the following firearms in and affecting commerce, to wit:  one Heckler & Koch semi-automatic pistol, serial number 33241; one Bereta semi-automatic pistol, serial number B57071Z; one Norinco AK Sporter rifle, serial number 4323; one Winchester Model 1300 Ranger, 20 gauge shotgun, serial number L 2245247; in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TWENTY-ONE

From a date unknown to the Grand Jury, but by at least January 1, 1988, and continuing up at least until the date of the return of this superseding Indictment, in Dade County, in the

17

Southern District of Florida, and elsewhere, the defendant,

**FRANCISCO SALDANA,**
a/k/a "Frank Rivera"
a/k/a "Frank"
a/k/a "Warren G,"

did engage in a continuing criminal enterprise by committing felony violations of Title 21 of the United States Code, including the violations set forth in Counts 1, 4, 12, 13, 17, and 18 of this Superseding Indictment, which are incorporated herein by reference, all of which were part of a continuing series of felony violations of Title 21, United States Code, Sections 841 and 846, which continuing series of violations were undertaken by the defendant in concert with at least five other persons with respect to whom the defendant occupied a position of organizer, supervisor, or other position of management, and from which continuing series of violations this defendant obtained substantial income and resources; all in violation of Title 21, United States Code, Section 848.

### FORFEITURE

In committing one or more of the felony offenses alleged in Counts 1, 4, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18 and 21 of this Superseding Indictment, all of which are punishable by imprisonment for more than one year, pursuant to Title 21, United States Code, the defendants,

**FRANCISCO SALDANA,**
a/k/a "Frank Rivera"
a/k/a "Frank"
a/k/a "Warren G,"
**JOSE MANUEL SALDANA,**
a/k/a "Jose Soto"

18

a/k/a "Popeye"
a/k/a "Pye"
a/k/a John Gotti"
a/k/a "Emanuel Santa,"
**ANDRE SCALES,**
a/k/a "Andre Simms"
a/k/a "Anthony Johnson"
a/k/a "Dre"
a/k/a "Lo Coito,"
**JESUS MOREJON,**
a/k/a "J,"
**SYLVESTER JORDAN,**
a/k/a "Sylvester Brown"
a/k/a "James Charles"
a/k/a "Scurvy"
a/k/a "Hubba,"
**QUAMIL DREMMON HAYWOOD,**
a/k/a "Ted Johnson"
a/k/a "Cory Haywood,"
**FREDERICK KNIGHT,**
a/k/a "Fred Knighton"
a/k/a "Tony Jackson"
a/k/a "Snoop,"
**DAVID VELEZ,**
a/k/a "Alex Rosa"
a/k/a "Robert Rodriguez,"
and
**STEVEN JAMHAL HARRIS,**
a/k/a "Billy Harris"
a/k/a "Edwich Pierre"
a/k/a "Steven Goodman"
a/k/a "Joe Brown"
a/k/a "Shine Henderson,"

shall forfeit to the United States and the United States is
entitled to the forfeiture of, any and all property constituting
and derived from any proceeds the defendants obtained directly or
indirectly as the result of such violations and any and all of the
defendants' property used and intended to be used in any manner or
part to commit or to facilitate the commission of said violations,
including but not limited to the following:

1.    Approximately twenty million dollars ($20,000,000) in
United States currency, in that such sum in aggregate was received

19

in exchange for and used to facilitate the distribution of controlled substances or is traceable thereto.

2.    All that lot or parcel of land, together with its building, improvements, fixtures, attachments and easements, located at 7820 Embassy Boulevard, Miramar, Broward County, Florida, and more particularly described as

> Lot 19, in Block 17, of MIRAMAR PARK THIRD ADDITION, according to the Plat thereof, recorded in Plat Book 61, at Page 42, of the Public Records of Broward County, Florida.

3.    All that lot or parcel of land, together with its building, improvements, fixtures, attachments and easements, located at 22 N.E. 43rd Street, Miami, Dade County, Florida and more particularly described as:

> Lot 10, Block 5, in BILTMORE SUBDIVISION, as recorded in Plat Book 6 at Page 67 according to the Public Records of Dade County, Florida.

4.    All that lot or parcel of land, together with its building, improvements, fixtures, attachments and easements, more particular described as:

> Lots 1 and 2, in Block 7, of BELLE MEADE OF MIAMI, SECTION 1, according to the plat thereof, as recorded in Plat Book 39, at Page 12 of the Public Records of Dade County, Florida.

5.    One 1994 Chevrolet Suburban Station Wagon, vehicle identification number 1GNEC16KXRJ365618.

6.    One 1994 Lexus GS 300, vehicle identification number JT8JS47E3R008749.

7. One 1992 Lexus SC 400, vehicle identification number JT8UZ30C9N0003004.

8. One 1993 Chevrolet C15 Pickup, vehicle identification number 2GBEC19K5P1180232.

9. One 1989 GMC Pickup, vehicle identification number 2GTEC19H1K1506231.

10. One 1972 Chevrolet Convertible, vehicle identification number 1M67R2S112865.

11. One 1994 Acura, vehicle identification number JH4KA8277RC003650.

12. One 1995 Ford Pickup Truck, vehicle identification number 1FTDF15YXSNA02512.

13. Approximately $7,689.17 United States currency seized from account number 3506671855 in the name of **Francisco Saldana** from NationsBank.

14. Approximately $4,415.51 United States currency seized from account number 03600753541 in the name of Frank's Lawn Service from NationsBank.

15. Approximately $23,942.23 United States currency seized from account number 3704564699 in the name of **Francisco Saldana** from NationsBank.

16. Approximately $75,000 United States currency seized from safety deposit number 991-0359 in the name of **Francisco Saldana** from NationsBank.

17. Approximately $20,000 United States currency seized from 22 N.E. 43rd Street, Miami, Florida on or about July 29, 1995.

18. The United States further intends to forfeit any property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the aforesaid violations.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants -

> (a) cannot be located upon the exercise of due diligence;
>
> (b) has been transferred or sold to, or deposited with, a third person;
>
> (c) has been placed beyond the jurisdiction of the Court;
>
> (d) has been substantially diminished in value; or
>
> (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

By virtue of the commission of one or more of the felony offenses charged in this Indictment by the defendants, any and all interest of the defendants in the above-property is vested in the

United States and hereby forfeited to the United States pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

FOREPERSON

KENDALL COFFEY
UNITED STATES ATTORNEY

ALLYSON FRITZ
ASSISTANT UNITED STATES ATTORNEY

23

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**PENALTY SHEET**

Defendant's Name:FRANCISCO SALDANA          Case No: 95-605-

Cr-NESBITT(s)
Count  #: 1

Conspiracy to possess with intent to distribute cocaine

21 USC 846 and 841(a)(1)

*Max. Penalty:Life
==================================================================
Count #: 2

Possession of a firearm during trafficking crime

18 USC 924(c)

*Max. Penalty: 5 years
==================================================================
Count  #:4

Possession with intent to distribute cocaine

21 USC 841(a)(1)
*Max. Penalty: Life
==================================================================
Count #: 5

Possession of a firearm by a convicted felon

18 USC 922(g)

*Max. Penalty:15 years
==================================================================
Count #:7

Possession of a firearms during trafficking crime

18 USC 924(c)

*Max. Penalty:5 years
==================================================================

Count #:13

Possession with intent to distribute cocaine

21 USC 841(a)(1)

**\*Max. Penalty:**Life
================================================================
Count #:15

Possession with intent to distribute cocaine

21 USC 841(a)(1)

**\*Max. Penalty:**Life
================================================================
Count #:17

Possession with intent to distribute cocaine

21 USC 841(a)(1)

**\*Max. Penalty:**Life
================================================================
Count #:18

Possession with intent to distribute cocaine

21 USC 841(a)(1)

**\*Max. Penalty:**Life
================================================================
Count #:19

Possession of a firearm by a convicted felon

18 USC 922(g)

**\*Max. Penalty:** 15 years
================================================================
Count #:20

Possession with intent to distribute cocaine

21 USC 841(a)(1)

**\*Max. Penalty:**Life
================================================================

Count #:21

Possession with intent to distribute cocaine

21 USC 841(a)(1)

**\*Max. Penalty:**Life
=================================================================

    **\*Refers only to possible term of incarceration, does not
include possible fines, restitution, special assessments,
parole terms, or forfeitures that may be applicable.**

Count #:9

Possession with intent to distribute cocaine

21 USC 841(a)(1)

**\*Max. Penalty:**Life
==================================================================
Count #:

_____

_____

**\*Max. Penalty:**
==================================================================
Count #:

_____

_____

**\*Max. Penalty:**
==================================================================
Count #:

_____

_____

**\*Max. Penalty:**
==================================================================
Count #:

_____

_____

**\*Max. Penalty:**
==================================================================
Count #:

_____

_____

**\*Max. Penalty:**
==================================================================

   **\*Refers only to possible term of incarceration, does not
   include possible fines, restitution, special assessments,
   parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**PENALTY SHEET**

**Defendant's Name:** JOSE MANUEL SALDANA          **Case No:** 95-605-

Cr-NESBITT(s)

Count  #: 1

Conspiracy to possess with intent to distribute cocaine

21 USC 846 and 841(a)(1)

**\*Max. Penalty:** Life
================================================================
Count #: 3

Possession of a firearm during trafficking crime

18 USC 924(c)

**\*Max. Penalty:** 5 years
================================================================
Count  #:4

Possession with intent to distribute cocaine

21 USC 841(a)(1)
**\*Max. Penalty:** Life
================================================================
Count #: 7

Possession of a firearm during drug trafficking crime

18 USC 924(c)

**\*Max. Penalty:** 5 years
================================================================
Count #:8

Possession with intent to distribute cocaine

21 USC 841(a)(1)

**\*Max. Penalty:** Forty years
================================================================

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

## PENALTY SHEET

**Defendant's Name:** ANDRE SCALES _____ **Case No:** 95-605-

Cr-NESBITT(s) _____

Count  #: 1

Conspiracy to possess with intent to distribute cocaine _____

21 USC 846 and 841(a)(1) _____

**\*Max. Penalty:** Life
=================================================================
Count #: 12

Possession with intent to distribute cocaine _____

21 USC 841(a)(1) _____

**\*Max. Penalty:** Life
=================================================================
Count #: 14

Possession with intent to distribute cocaine _____

21 USC 841(a)(1) _____

**\*Max. Penalty:** Life
=================================================================
Count  #:

_____

_____

**\*Max. Penalty:**
=================================================================
Count #:

_____

_____

**\*Max. Penalty:**
=================================================================
Count #:

_____

_____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

## PENALTY SHEET

Defendant's Name:JESUS MOREJON _____ Case No: 95-605-

Cr-NESBITT(s) _____

Count  #: 1

Conspiracy to possess with intent to distribute cocaine _____

21 USC 846 and 841(a)(1) _____

**\*Max. Penalty:**Life
========================================================================
Count #: 10

Possession with intent to distribute cocaine _____

21 USC 841(a)(1) _____

**\*Max. Penalty:** Life
========================================================================
Count  #:11

Possession with intent to distribute cocaine _____

21 USC 841(a)(1) _____
**\*Max. Penalty:**  Life
========================================================================
Count #:

_____

_____

**\*Max. Penalty:**
========================================================================
Count #:

_____

_____

**\*Max. Penalty:**
========================================================================

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

### PENALTY SHEET

Defendant's Name: SYLVESTER JORDAN                Case No: 95-605-

Cr-NESBITT(s)

Count #: 1

Conspiracy to possess with intent to distribute cocaine

21 USC 846 and 841(a)(1)

**\*Max. Penalty:** Life
=================================================================
Count #: 4

Possession with intent to distribute cocaine

21 USC 841(a)(1)

**\*Max. Penalty:** Life
=================================================================
Count #: 6

Possession of a firearm by a convicted felon

21 USC 922(g)

**\*Max. Penalty:** 15 years
=================================================================
Count #: 7

Possession of a firearm during a drug trafficking crime

18 USC 924(c)

**\*Max. Penalty:** 5 years
=================================================================
Count #:




**\*Max. Penalty:**
=================================================================
Count #:

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

## PENALTY SHEET

**Defendant's Name:** QUAMIL DREMMON HAYWOOD          **Case No:** 95-605-

Cr-NESBITT(s)

Count  #: 1

Conspiracy to possess with intent to distribute cocaine

21 USC 846 and 841(a)(1)

**\*Max. Penalty:** Life
================================================================
Count #: 16

Possession with intent to distribute cocaine

21 USC 841(a)(1)

**\*Max. Penalty:** Life
================================================================
Count #:

_____

_____

**\*Max. Penalty:**
================================================================
Count  #:

_____

_____

**\*Max. Penalty:**
================================================================
Count #:

_____

_____

**\*Max. Penalty:**
================================================================
Count #:

_____

_____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

## PENALTY SHEET

**Defendant's Name:** FREDERICK KNIGHT                **Case No:** 95-605-

Cr-NESBITT(s)

Count  #: 1

Conspiracy to possess with intent to distribute cocaine

21 USC 846 and 841(a)(1)

**\*Max. Penalty:** Life
==================================================================
Count #: 11

Possession with intent to distribute cocaine

21 USC 841(a)(1)

**\*Max. Penalty:** Life
==================================================================
Count  #:

_____

_____

**\*Max. Penalty:**
==================================================================
Count #:

_____

_____

**\*Max. Penalty:**
==================================================================
Count #:

_____

_____

**\*Max. Penalty:**
==================================================================

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

### PENALTY SHEET

**Defendant's Name:** DAVID VELEZ                    **Case No:** 95-605-

Cr-NESBITT(s)

Count  #: 1

Conspiracy to possess with intent to distribute cocaine

21 USC 846 and 841(a)(1)

**\*Max. Penalty:** Life
=================================================================
Count #:15

Possession with intent to distribute cocaine

21 USC 841(a)(1)

**\*Max. Penalty:** Life
=================================================================
Count #:

**\*Max. Penalty:**
=================================================================
Count  #:

**\*Max. Penalty:**
=================================================================
Count #:

**\*Max. Penalty:**
=================================================================
Count #:

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

## PENALTY SHEET

**Defendant's Name:** STEVEN J. HARRIS _____ **Case No:** 95-605-

Cr-NESBITT(s) _____
Count  #: 1

Conspiracy to possess with intent to distribute cocaine _____

21 USC 846 and 841(a)(1) _____

**\*Max. Penalty:** Life
=================================================================
Count #:

_____

_____

**\*Max. Penalty:**
=================================================================
Count #:

_____

_____

**\*Max. Penalty:**
=================================================================
Count  #:

_____

_____

**\*Max. Penalty:**
=================================================================
Count #:

_____

_____

**\*Max. Penalty:**
=================================================================
Count #:

_____

_____

:TED STATES DISTRICT COL
⟋UTHERN DISTRICT OF FLORIL⟍

UNITED STATES OF AMERICA

CASE NO. _95-605-Cr-NESBITT(s)_____

v.

**CERTIFICATE OF TRIAL ATTORNEY**

FRANCISCO SALDANA, et al.
_____

I do hereby certify:

1.    I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.    I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.    This case will take _18 days for the parties to try.

4.    Please check appropriate category and type of offense listed below:

(Check only one)                                          (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | _____ | Petty | _____ |
| II | 6 to 10 days | _____ | Minor | _____ |
| III | 11 to 20 days | __X__ | Misdem. | _____ |
| IV | 21 to 60 days | _____ | Felony | __X__ |
| V | 61 days and over | _____ | | |

5.    Has this case been previously filed in this District Court? YES (Yes or No)  If yes:

Judge: __NESBITT____  Case No. 95-605-CR-NESBITT_____
(Attach copy of dispositive order)

Has a complaint been filed in this matter? _NO_ (Yes or No) If yes:

Magistrate Case No. _____

Related Miscellaneous numbers: _____

6.    This case originated in the U.S. Attorney's office prior to August 16, 1985 No_____ (Yes or No).

ALLYSON FRITZ
ASSISTANT UNITED STATES ATTORNEY
Bar No. A5500092

REV. 12/01/94

No. _____

# UNITED STATES DISTRICT COURT

SOUTHERN _____ District of _____ FLORIDA _____ Division

_____ CRIMINAL _____

## THE UNITED STATES OF AMERICA

vs.

FRANCISCO SALDANA, JOSE MANUEL SALDANA, ANDRE SCALES ,
JESUS MORETON, SYLVESTER JORDAN, QUAMIL DREWON HAYWOOD,
FREDERICK KNIGHT, DAVID VELEZ and STEVEN J. HARRIS

## INDICTMENT

18 USC 2

18 USC  924 (c)
18 USC  922 (ga) (1)
21 USC  841 (a) (1)
21 USC  846
21 USC  848

A true bill.

_Carolyn R. Wilson_
Foreman

_EGT E 9703_

Filed in open court this _13th_ day,

of _February_ A.D. 19 _96_

_____
Clerk

Bail, $ _____