UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 95-605-CR-SEITZ

UNITED STATES OF AMERICA,

v.

FRANCISCO SALDANA,

    Defendant.
_____/

**GOVERNMENT'S MOTION TO DISMISS OR IN THE ALTERNATIVE
TO STAY DEFENDANT'S MOTION FOR RECONSIDERATION**

The United States of America, through its undersigned Assistant United States Attorney, moves to dismiss defendant, Francisco Saldana's Motion for Reconsideration (DE 1372) or in the alternative to stay the briefing schedule pending resolution of his appeals in Eleventh Circuit Case No. 20-14490 and Case No. 20-14632.

Based upon the pending appeals of the district court's denial of Saldana's motion to reduce his sentence pursuant to Section 404 of the First Step Act (DE 1349; DE 1353; DE 1354) and the district court's denial of his motion for compassionate release pursuant to Section 603 of the First Step Act (DE 1350; DE 1361; DE 1363), the district court lacks jurisdiction to consider the merits of Saldana's motion for reconsideration of the order denying his motion to reduce his sentence pursuant to Section 404 of the First Step Act. Thus, the government requests dismissal of the pending motion, or in the alternative, a stay of further briefing and resolution of the motion until completion of the Saldana's appeals in Case No. 20-14490 and Case No. 20-14632.

## BACKGROUND

In May of 1996, a jury in the Southern District of Florida convicted Francisco Saldana of conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (Count 1); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Counts 4, 12, 13, 15, 18); use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Counts 7, 19); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Counts 5, 20); and engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848 (Count 21) (DE 185; DE 360). The jury acquitted him of one of the § 924(c) counts (*id.*).

On July 26, 1996, the district court sentenced Saldana to four concurrent terms of life imprisonment as to Counts 1, 4, 12, and 15; four concurrent terms of 10 years in prison as to Counts 5, 13, 18, and 20; a consecutive term of 5 years as to Count 7; and a consecutive term of 10 years as to Count 19 (DE 473; DE 536; DE 569). In addition, the district court imposed terms of supervised release and a special assessment (*id.*). This Court affirmed Saldana's conviction and sentence in Eleventh Circuit Case No. 96-4993-DD (DE 660).

Beginning in April 2019, Saldana filed a counselled motion and reply for his release pursuant to Section 404 of the First Step Act of 2018 (DE 1269; DE 1274) which motion the government opposed (DE 1271). The district court denied Saldana's motion to reduce his sentence pursuant to Section 404 of the First Step Act on November 25, 2020 (DE 1349). In so doing, the district court noted that the "Superseding Indictment specified only a "detectable amount" of the drugs involved, and the jury's verdict made no determination regarding the amounts. The Presentence Investigation Report ("PSI"), however, calculated the crack cocaine weight to be "at least 1.5 kilograms" [PSI ¶ 46]. The sentencing court adopted the PSI in calculating a sentence"

(DE 1349:2). The district court then held that "[u]nder *United States v. Jones*, 962 F.3d 1290, 1298 (11th Cir. 2020), [it] is bound by the drug quantity determination made by the sentencing court. Because that earlier determination controls any consideration of a sentence reduction, Defendant's Motion must be denied" (*id*. at 1, 6).

On November 30, 2020, Saldana, through counsel, filed a Notice of Appeal of the denial of his Section 404 motion to reduce sentence (DE 1353) which was docketed as Eleventh Circuit Case No. 20-14490 on December 2, 2020 (DE 1354). Despite that notice, on January 5, 2021, Saldana filed a *pro se* motion for reconsideration of the denial of his Section 404 motion for sentence reduction (DE 1372).

Meanwhile, in March 2020, Saldana also filed a counselled motion and reply seeking immediate release based upon the health risks arising from the Coronavirus Disease ("COVID-19") (DE 1319; DE 1322) which motion the government opposed (DE 1321). Saldana then filed another counseled motion for compassionate release and additional pleadings in support of his motion (DE 1329; DE 1334, DE 1341, DE 1344-5, DE 1347). The government again opposed the motion for release (DE 1332). The district court held two telephonic hearings (DE 1340; DE 1343) and then denied the motion for compassionate release pursuant to Section 603 of the First Step Act on November 25, 2020 (DE 1350).

On December 9, 2020, Saldana, through counsel, filed a Notice of Appeal of the denial of his Section 603motion to reduce sentence (DE 1361) which was docketed as Eleventh Circuit Case No. 20-14632 on December 10, 2020 (DE 1363).

## **ARGUMENT**

The district court should decline to address the merits of Saldana's motion because the Eleventh Circuit Court of Appeals currently has jurisdiction over Saldana's case based upon his recent Notices of Appeal (DE 1353; DE 1354; DE 1361; DE 1363). As the Supreme Court stated:

> a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). The divestiture of a district court's jurisdiction upon the filing of a notice of appeal, "serves to avoid the confusion and waste of time that would result from dual jurisdiction." *United States v. Tovar-Rico*, 61 F.3d 1529, 1532 (11th Cir. 1995). Simply put, "the filing of an appeal of virtually any sort acts to freeze all proceedings in the district court pending the resolution of the appeal . . . '[t]he district is divested of jurisdiction to take any action with regard to the matter except in aid of the appeal.'" *Shewchun v. United States*, 797 F.2d 941, 942 (11th Cir. 1986) (*citing United States v. Hickmon*, 602 F.2d 689, 692 (5th Cir. 1979)).

Saldana's *pro se* motion for reconsideration should be denied as the district court lacks jurisdiction to act upon the request. Saldana, through his counsel, filed his notices of appeal of on November 30, 2020 and December 9, 2020 respectively. Thus, the district court was divested of its jurisdiction over Saldana's underlying criminal case, Case No. 95-605, by November 30, 2020 and certainly no later than December 9, 2020. As the appeals of the denials of Saldana's Section 404 motion for sentence reduction and his Section 603 motion sentence reduction were, and still are, pending before this Court, the district court should not, and correctly cannot, address the motion for reconsideration. Were the district court to address the merits of the motion, the district

court would have to exercise dual jurisdiction with the Eleventh Circuit Court of Appeals. Accordingly, the district court should decline to exercise jurisdiction of over a matter now within the jurisdiction of the appellate court.

On the basis of the foregoing facts and legal authority, the United States respectfully requests that the district court dismiss the motion for reconsideration, or in alternative, stay the briefing schedule in this case until Saldana's appeals are resolved.

WHEREFORE, because the district court lacks jurisdiction, the motion for reconsideration should be dismissed.

        Respectfully submitted,

        ARIANA FAJARDO ORSHAN
        UNITED STATES ATTORNEY

        /s/ *Andrea G. Hoffman*
        Andrea G. Hoffman
        Assistant United States Attorney
        99 N.E. 4th Street
        Miami, Florida 33132-2111
        (305) 961-9066

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 19, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

Public defender

/s/ *Andrea G. Hoffman*
Andrea G. Hoffman
Assistant United States Attorney