**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 95-CR-00605-SEITZ

UNITED STATES OF AMERICA,

v.

FRANCISCO SALDANA,

    Defendant.
_____/

**ORDER GRANTING SENTENCE REDUCTION PURSUANT TO**
**THE FIRST STEP ACT**

    THIS MATTER is before the Court on the Mandate of the Eleventh Circuit Court of Appeals [DE 1469], which reversed the Court's earlier Order Denying Motion to Reduce Sentence Based on Drug Quantities Affected by the First Step Act [1349]. The Mandate remanded the matter to consider whether a reduction is warranted pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018) (the "FSA"). At a November 16, 2022 hearing, the Court heard further argument from counsel and heard from Defendant, who appeared remotely via Zoom.

    The Court has considered the record, the Mandate, which clarifies the discretion of district courts under *United States v. Jones*, 962 F.3d 1290, 1298 (11th Cir. 2020), the other legal authorities, and all statements at the hearing. Because the FSA makes Saldana eligible for a lower sentence under 21 U.S.C. § 841(b)(1)(C), and having considered the 18 U.S.C. § 3553(a) factors, the Court finds it is appropriate to enter a lower, non-life sentence. Therefore, the remanded Motion to

1

Impose Reduced Sentence Pursuant to the First Step Act of 2018 and Request for Hearing [DE 1269] is GRANTED.

The FSA made retroactive the 2010 Fair Sentencing Act, which reduced the hundred-to-one disparity in the treatment of crack versus powder cocaine. *Dell v. United States*, 710 F.3d 1267, 1271 (11th Cir. 2013).[1]  Where a defendant is serving a sentence for an FSA "covered offense," the court is permitted but not required to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010…were in effect at the time the covered offense was committed." PL 115-391, Dec. 21, 2018, 132 Stat. 5194.  A "covered offense" is defined as a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010…, that was committed before August 3, 2010." *Id.*  Pertinent here, the Fair Sentencing Act increased the threshold amount of cocaine base (crack) needed to trigger the mandatory minimum sentences in 21 U.S.C. §§ 841(b)(1)(A)(iii) and (B)(iii) from 50 grams to 280 grams for a 10-year to life sentence, and from 5 grams to 28 grams for a 5-year to 40-year sentence, respectively.

In ruling on the Motion, the Court must consider several points.  First, the parties do not dispute that the offenses at issue are covered offenses under the FSA because Saldana's offenses involved crack cocaine quantities subject to the enhanced penalties of Section 841(b)(1)(A)(iii) or (B)(iii).  *Jones* identifies two other limitations to sentence reduction that are not at issue.  *See* 962 F.3d at 1303.  First,

---

[1] A detailed review of Defendant's background, offenses, and convictions is provided in the prior Order [DE 1349 at 1-3].

a sentence cannot be reduced where the movant received the lowest statutory penalty that would be available under the Fair Sentencing Act. *See id.* Such is not the case here, where Saldana received concurrent life sentences but is now eligible for a significantly reduced sentence under the Fair Sentencing Act, specifically pursuant to 21 U.S.C. § 841(b)(1)(C). Second, a court is bound by a previous drug-quantity finding that could have been used to determine statutory penalties at the time of sentencing. *Id.* Saldana, however, is entitled to the benefit of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), which held that facts that increase statutory maximum penalties, such as drug amounts, must be made by a jury. *See Edwards v. Vannoy*, 141 S. Ct. 1547, 1554 (2021); *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987). Only a "detectable amount" of the drugs at issue was proven to the jury beyond a reasonable doubt [DE 185, 360]. Therefore, the drug offenses are governed not by 21 U.S.C. § 841(b)(1)(A)(iii) or (b)(1)(B)(iii), which apply to greater quantities of crack cocaine, but by the relatively lower penalties contained in Section 841(b)(1)(C). In conclusion, Saldana is eligible for a sentence reduction under the FSA, which is guided by 21 U.S.C. § 841(b)(1)(C).

Finally, the Court finds a sentence reduction appropriate when considering the 18 U.S.C. § 3553(a) factors for the reasons stated on the record at the hearing, and for those stated previously in its prior written order [DE 1350 at 10-11]. The parties, however, advocate different approaches for determining the length of the reduced sentence, based on their respective readings of footnote 6 in *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022). The Government maintains that the

Court is bound by the original guideline calculation but may consider an updated guideline calculation by varying downward, if appropriate in the Court's discretion. Defendant, on the other hand, reads footnote 6 to permit the Court to use the new guideline range. The Defendant also asks the Court to vary downward from the low end of the new guideline range of 262 to 327 months, based on a 2D1.1 total offense level of 36 and Criminal History Category IV, to a sentence of 180 months for the drug-related charges. While the Court finds the Defendant's reading of the footnote 6 the more reasonable one, the Court will not vary downward from the low-end of the new guideline range. The Court has considered the Defendant's various arguments for the variance the Defendant seeks. These arguments have counterbalanced to some extent the very serious nature of the offense. Thus, the Court will sentence Defendant at the low-end rather than the high-end of the new range.

Therefore, for the reasons stated on the record at the hearing, and in light of *Concepcion*, the Court finds it appropriate to reduce the Defendant's sentence to a total term of imprisonment of 442 months. This reflects: (a) 262 months of imprisonment for Counts 1, 4, 12, and 15 which shall all run concurrently; (b) 120 months of imprisonment for Counts 5, 13, 18 and 20 which shall all run concurrently with each other and concurrently with the terms for Counts 1, 4, 12, and 15; and (c) 180 months of imprisonment which shall run consecutive to the above terms, and consists of consecutively running terms of 60 months of imprisonment on Count 7, and 120 months of imprisonment on Count 19.

Defendant's total supervised release term shall be reduced to six years, as shall be further specified in the Amended Judgment. No fine will be imposed but the $550 special assessment remains. Thus, it is

ORDERED THAT

Defendant Francisco Saldana's Motion to Impose Reduced Sentence Pursuant to the First Step Act of 2018 and Request for Hearing [DE 1269] is GRANTED. An Amended Judgment will issue separately.

DONE AND ORDERED in Miami, Florida, this 17th day of November 2022.

*[signature]*
_____
PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE

Copies provided via CM/ECF to:
    AUSA Allyson Fritz
    AFPD Lauren Krasnoff
    AFPD Tracy Dreispul
    USPO Clara Lyons