**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 95-CR-00605-SEITZ

UNITED STATES OF AMERICA,

v.

FRANCISCO SALDANA,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S CORRECTED MOTION FOR COMPASSIONATE RELEASE**

This matter is before the Court on Defendant's Corrected Motion for Compassionate Release [DE 1525], which seeks a reduction based on "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i). The Government opposes the Motion [DE 1529], and Defendant replied [DE 1536]. The Court has considered the parties' filings, the legal authorities, and the record. Because Defendant's reentry plan would place him in the same home as his co-defendant brother, Jose Manuel Saldana, Defendant may still pose a threat to the community. In considering the § 3553(a) factors, the Motion must be denied.

**I.    FACTUAL BACKGROUND**

In the late 1980s and early 1990s, Defendant, alongside his brother Jose Manuel Saldana,[1] led a violent crack cocaine enterprise out of a Miami home. PSI ¶¶ 12, 15.  On May 7, 1996, a jury found Defendant guilty of 11 counts (Counts 1, 4, 5, 7, 12, 13, 15, 18-21 of the Superseding Indictment).[2] On July 22, 1996, Defendant was sentenced to concurrent life terms on four counts, as well as lesser terms on nine remaining counts.  Defendant was additionally sentenced to 10 years of supervised release. His significant sentence was

---

[1] On December 7, 2022, Jose Manuel Saldana's sentence was reduced pursuant to the First Step Act. DE 1486; DE 1511. He was released from custody on December 21, 2022.
[2] Count 21 was dismissed after trial on the Government's motion. DE 536.

1

primarily the result of penalties prescribed in 21 U.S.C. § 841(b)(1)(A) that have since been amended, coupled with the enhanced penalties of 21 U.S.C. § 851, due to two prior felony drug convictions. Following a successful Motion to Reduce Sentence Pursuant to the First Step Act, Defendant's sentence was reduced from life to 442 months, with a term of supervised release to follow of six years. DE 1503.

In the wake of the COVID-19 pandemic, Defendant filed numerous Motions for Compassionate Release. DE 1319; DE 1320; DE 1329. In the motions, Defendant argued his diabetes and kidney disease warranted his release from federal custody. DE 1320 at 1. Specifically, Defendant submitted medical records that stated he was diagnosed with end-stage renal disease. DE 1336-1 at 260. With regards to a reentry plan, Defendant originally stated he would live with his daughter, Franquesta Berry, in an apartment in West Palm Beach, Florida. DE 1329 at 24. When that plan proved untenable, as an alternative, Defendant proposed he would live with his niece, Yanderi Lupu, in her four-bedroom home in Grovetown, Georgia, where she lives with her significant other and her three minor children. DE 1345 at 2.

On November 25, 2020, the Court denied the motions, on the grounds that the Court was not satisfied when analyzing the § 3553(a) factors with Defendant's reentry plan. DE 1350. However, the Court noted that Defendant's medical condition satisfied the first prong of the compassionate release analysis. *Id.* at 7-8. On December 7, 2020, Defendant filed a "Motion to Amend Motion for Modification of Sentence for Extraordinary and Compelling Reasons Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)," which the Court also denied, reiterating the Court's concerns that Defendant still posed a threat to the community. DE 1358; DE 1411. Defendant appealed the Court's Orders, which the Eleventh Circuit affirmed. DE 1361; DE 1415; DE 1482.

Since Defendant's last Motion for Compassionate Release, Defendant's medical

condition has progressed. Defendant developed gangrene in his gallbladder, resulting in a gallbladder removal procedure. DE 1526 at 5. Following this procedure, Defendant developed sepsis. DE 1525 at 5-6. He was hospitalized for eight days. DE 1526-1 at 36. Defendant started experiencing back pain following his bout with sepsis. *Id.* at 30. Further, Defendant was diagnosed with chronic heart failure. DE 1525 at 6; DE 1526-1 at 55. Prior to filing this Motion, Defendant submitted an administrative request for compassionate release to the Bureau of Prisons which was denied on January 17, 2023. DE 1525-1. Defendant is 58 years old. He has served 27 years of his prison sentence and is housed at U.S. Medical Center for Federal Prisoners Springfield, a medical facility.

## II.     LEGAL STANDARD

The framework to modify a sentence is set forth in 18 U.S.C. § 3582(c). *See United States v. Maiello*, 805 F.3d 992, 999 (11th Cir. 2015). The court upon motion of a defendant can modify a sentence if "extraordinary and compelling reasons warrant such a reduction…" 18 U.S.C. § 3582(c)(1)(A). Details that describe such circumstances are contained in Section 1B1.13 of the U.S. Sentencing Commission's Guidelines. Its Application Notes illustrate four bases in Subdivisions (A) through (D) that demonstrate "extraordinary and compelling reasons." The Application Notes' first three subdivisions concern specific age, health, and family circumstances.

In addition to satisfying one of the above-noted Subdivisions, a defendant must also demonstrate that release is appropriate under 18 U.S.C. § 3553(a), and that he is not a danger to the safety of any other person or to the community under 18 U.S.C. § 3142(g). 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2). A court, however, need not reach consideration of §§ 3553(a) or 3142(g) if the motion otherwise fails under 18 U.S.C. § 3582(c)(1)(A), i.e., a Subdivision of § 1B1.13's Application Note is not satisfied. *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021).

### III. DISCUSSION

As Defendant correctly noted, the Court previously found Defendant's medical condition satisfied Subdivision A. DE 1350 at 7-7; DE 1411 at 9. It is clear from Defendant's medical records and filings that his medical condition has worsened. As such, the Court's analysis is centered on the sufficiency of Defendant's reentry plan and whether he is no longer a danger to the community.

Defendant provided a reentry plan along with his Motion. DE 1525-2. Defendant's current reentry plan is not much different from the one he last proposed. DE 1344. Defendant would live with his niece, Ms. Lupu, in Grovetown, Georgia near medical facilities and other family members. *Id.* at 6. However, Defendant's extensive reentry plan fails to mention that his brother, Jose Manuel Saldana, assessed at a high-risk of recidivism, currently lives with Ms. Lupu.[3] If this Court grants this Motion, Defendant and his brother would be living in the same household. Jose Manuel Saldana has been on supervised release for approximately five months, following more than twenty years in federal custody.

Jose Manuel Saldana's successful reintegration is essential to Defendant's, given their close family ties, the proposed living situation, and the violent nature of the lengthy criminal enterprise they spearheaded almost thirty years ago, for which Defendant received a four-level enhancement as the organizer and leader. PSI ¶¶ 16, 46. There is a genuine concern that Defendant may find himself tempted to return to his old ways if placed with his brother, his co-defendant and his right hand in the conspiracy, as they both navigate reintegration. There is no evidence in the record to suggest that Defendant's mental

---

[3] Jose Manuel Saldana is still under this Court's jurisdiction. A transfer to the Southern District of Georgia is pending. Jose Manuel Saldana's probation officer in Georgia provided this Court with a progress report which informed the Court of his living situation.

capacity has diminished. On the contrary, Defendant's success in custody, his completion of multiple educational programs, such as acquiring his GED and his paralegal certificate, shows that his mind remains sharp. DE 1525 at 8. Moreover, there is no evidence in the record to show that Defendant has enrolled in, much less completed, any type of behavioral modification therapy to address and correct the thinking patterns which led to his criminal behavior. Thus, the Court remains concerned, as a matter of community safety, that Defendant will use his persuasive leadership skills and mental abilities to reengage in criminal activities. As such, release would not be appropriate under the § 3553(a) factors. Accordingly, it is

ORDERED THAT

(1) Defendant's Corrected Motion for Compassionate Release [DE 1525] is DENIED.

DONE AND ORDERED in Miami, Florida, this 11th day of May, 2023.

_____
PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE

CC: Counsel of record