**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 95-CR-605-PAS

UNITED STATES OF AMERICA

v.

FRANCISCO SALDANA,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on Defendant Francisco Saldana's ("Defendant") Motion for Reconsideration [DE 1548]. Defendant asks the Court to reconsider its May 11, 2023 Order Denying Defendant's Renewed Motion for Compassionate Release [DE 1543]. The Court has considered the Motion for Reconsideration [DE 1548], the Government's Response in Opposition [DE 1551], and the record. Defendant's Motion does not provide newly discovered evidence or demonstrate a manifest error in law or fact. In addition, Defendant's new proposal to place his brother, who is his co-defendant, at an address approximately 10 minutes away from Defendant does not allay the Court's concerns regarding community safety, considering the 18 U.S.C. § 3553(a) factors. Therefore, Defendant's Motion must be DENIED.

    I.    BACKGROUND

From 1988 through 1995, Defendant, alongside his brother Jose Manuel Saldana, led a crack cocaine enterprise in Miami and was responsible for numerous acts of violence, including murder. PSI ¶¶ 11, 16. He is currently 58 years old and has been in custody for over 27 years. DE 1548 at 9. He is incarcerated at the United

States Medical Facility for Federal Prisoners in Springfield, Missouri. DE 1548-1 at 2. His projected release date is April 3, 2027, after which he is to be under supervision for six years. DE 1548 at 2, 2 n.2.

The extensive recent procedural history of Defendant's case is outlined in this Court's May 11, 2023 Order Denying his Renewed Motion for Compassionate Release. DE 1543 at 2. Defendant is a wheelchair-bound amputee suffering from end-stage renal disease, and the Court's May 2023 Order also lays out his deteriorating medical condition. *Id.* at 2-3; DE 1548 at 2.

Since the denial of his Renewed Motion for Compassionate Release, Defendant filed his mitigation experts' evaluation of the proposed reentry plan [DE 1548-1]. The evaluation concludes that his "medical and socioemotional needs will be well-served by his current release plan." *Id.* at 1. In addition, Defendant's family discussed the Court's concern about the prospect of Defendant living with his brother at their niece Yanderi Lupu's residence. DE 1548 at 4. The family agreed that Defendant's brother would move to their other niece Olga Soto's residence, which is approximately 10 minutes away from Ms. Lupu's residence, should the Court grant Defendant's release. *Id.* Defendant also submitted an Individualized Needs Plan – Program Review [DE 1548-2] dated March 9, 2023 to alleviate the Court's doubts regarding his rehabilitation.

II. LEGAL STANDARD

A. The proper purpose of a motion for reconsideration

Under Eleventh Circuit jurisprudence, motions for reconsideration are

available to defendants with respect to orders denying compassionate release. *See United States v. Erwin*, 2022 WL 4493049, at *1 (11th Cir. Sept. 28, 2022) (per curiam) (reviewing for abuse of discretion motion for reconsideration of order denying compassionate release); *United States v. Fidalgo*, 852 F. App'x 500, 503 (11th Cir. 2021) (per curiam) (same). In deciding motions for reconsideration in criminal cases, courts have relied on the standards applicable to reconsideration motions in civil cases. *See, e.g.*, *United States v. Pugh*, 426 F. App'x 876 (11th Cir. 2011) (per curiam) (noting that both civil and criminal motions to reconsider are reviewed under the same standard).

The only grounds for granting a motion for reconsideration under Federal Rule of Civil Procedure 59 are newly discovered evidence and manifest errors of law or fact. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam). A motion for reconsideration cannot simply ask the Court to reexamine an unfavorable ruling in the absence of a manifest error of law or fact. *See Jacobs v. Tempur-Pedic Int'l., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). When a litigant thinks a district court's ruling is wrong, the proper remedy is to appeal the ruling, not reconsideration. *Id.*

    B. <u>Grounds for sentence modification</u>

After considering the factors in 18 U.S.C. § 3553(a), a court may reduce a term of imprisonment if (i) "extraordinary and compelling reasons" warrant such a reduction, (ii) the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g), and (iii) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

Application Note 1 of the United States Sentencing Guidelines § 1B1.13 specifies the circumstances under which "extraordinary and compelling reasons" exist.

U.S.S.G. § 1B1.13 cmt. n.1. The four categories are (A) Medical Condition of the Defendant, (B) Age of the Defendant, (C) Family Circumstances, and (D) Other Reasons (*i.e.*, the catch-all provision). *Id.*[1] One example of a medical condition that qualifies as an "extraordinary and compelling reason" is end-stage organ disease. U.S.S.G. § 1B1.13 cmt. n.1(A).

III. ANALYSIS

In his Motion, Defendant contends that because of his failing health, he "may not survive to see his current release date of April 3, 2027." DE 1548 at 3. As the Court pointed out before, he correctly notes that his end-stage renal disease qualifies as an "extraordinary and compelling reason." DE 1350 at 8; DE 1548 at 2-3. As to his rehabilitation, Defendant emphasizes his Low Risk Recidivism Level and enrolment in Anger Management and Criminal Thinking classes. DE 1548 at 5, 6; DE 1548-2 at 3. However, he fails to offer any newly discovered evidence or manifest error of law or fact that prompts the Court to reconsider its prior public safety concerns considering the § 3553(a) factors.[2]

Defendant has not shown genuine remorse for his past actions. Although his physical health has worsened, his mental capacity has not diminished. As the former ringleader of an extremely violent drug enterprise, he is still capable of being an

---

[1] The only category applicable to Defendant's case is "Medical Condition of the Defendant." The age category does not apply because Defendant is under 65 years old. U.S.S.G. § 1B1.13 cmt. n.1(B). The family circumstances category does not apply because Defendant did not suffer the incapacitation of the caregiver of his minor children, or his spouse or partner. U.S.S.G. § 1B1.13 cmt. n.1(C). The catch-all provision does not apply, either, because only the Director of the Bureau of Prisons may determine what other reasons qualify as extraordinary and compelling reasons. *See United States v. Bryant*, 996 F.3d 1243, 1263 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 583 (2021).
[2] "The court, in determining the particular sentence to be imposed, shall consider the need for the sentence imposed to protect the public from further crimes of the defendant[.]" 18 U.S.C. § 3553(a)(2)(C).

4

effective mastermind. The plan for Jose Manuel Saldana to move to Ms. Soto's residence would mean that Defendant will have his former right-hand man readily available to him within approximately 10 minutes. In addition, Defendant's brother is assessed at a high risk of recidivism. DE 1543 at 4. Because the brain trust of the enterprise could potentially reengage in strategy as to criminal activity, the Court is not satisfied with Defendant's reentry plan.

As to Defendant's new argument about an alleged error stemming from the charges under 18 U.S.C. § 924(c), the authority Defendant cites is distinguishable, and a reconsideration motion is not the proper vehicle. In *Hamilton*, the predicate offense for the § 924(c) counts was a single drug trafficking conspiracy. *United States v. Hamilton*, 953 F.2d 1344, 1345 (11th Cir. 1992). The Eleventh Circuit held that the use of more than one gun during a single drug trafficking offense will not support multiple counts under § 924(c). *Id.* at 1346. Unlike *Hamilton*, Defendant's case was not one where multiple consecutive sentences were stacked for each firearm seized during a single drug offense. Defendant's § 924(c) charges in the Superseding Indictment were based on multiple drug offenses. DE 185 at 10-11, 16-17.

Defendant argues that although the § 924(c) charges were based on separate predicate offenses, the court at the time instructed the jury that it could rely on the same conspiracy count for both § 924(c) charges. Even if this were error, a motion for reconsideration is not the proper vehicle to bring this argument. A reconsideration motion cannot be used to raise argument or present evidence that could have been raised prior to the entry of judgment. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). A better avenue for this argument would have been a 28 U.S.C. § 2255 motion to

5

set aside his sentence, which Defendant already filed in 2002. DE 681, 688. The time to file another § 2255 motion has passed, as Defendant's judgment became final more than twenty years ago.[3] Accordingly, it is

ORDERED that Defendant's Motion for Reconsideration [DE 1548] is DENIED.

DONE and ORDERED in Miami, Florida, this 22nd day of August, 2023.

_____
PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE

cc: All counsel of record
U.S. Probation Office

---

[3] A one-year period of limitation applies to § 2255 motions. 28 U.S.C. § 2255(f). "The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* A conviction typically becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted. *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000).